OPINION
{¶ 1} Defendant Corey Bowen appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of trafficking in cocaine in violation of R.C. 2925.03, after a jury found him guilty. Appellant assigns a single error to the trial court:
 {¶ 2} "Appellant's Conviction For Trafficking In Cocaine Was Against The Manifest Weight And Sufficiency Of The Evidence."
 {¶ 3} Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt,State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 4} The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.
 {¶ 5} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins (1997), 78 Ohio St.3d 387, citations deleted.
 {¶ 6} At trial, the State presented the evidence of Detective Joseph Mongold of the Canton Police Department, Criminal Intelligence Vice Unit. Detective Mongold was working undercover in a prostitution investigation. The detective encountered appellant and another person, and asked appellant if he had any "stones". Detective Mongold testified appellant told him appellant could hook the detective up with a fat one for 20.
 {¶ 7} The detective gave appellant $20.00 in U.S. currency, and appellant began to reach around as if he was about to take something out of the back of his pants area. At that time, a police cruiser pulled up in the parking lot along with an unmarked police car with the detective's backup detective.
 {¶ 8} When appellant saw the two cars, he made a move as if to run, whereupon the detective grabbed appellant's shirt and held him. The detective identified himself as a police officer and appellant struggled a bit.
 {¶ 9} Detective Mongold testified appellant did not cooperate when told to put his hands behind his back, but instead brought his hands up towards the front of his body. Eventually, detectives were able to handcuff appellant behind his back.
 {¶ 10} When Detective Mongold began to question appellant, he noticed appellant's lips were frothy and he had some paper on his lips. Appellant allegedly told the officer "you think I ate some crack, don't you?"
 {¶ 11} Detective Mongold testified he had made many purchases of crack cocaine, and believed appellant had been carrying some on his person. The detective testified he had seen drug dealers destroy evidence by chewing it up in their mouths, which usually caused a frothy or white substance around their lips.
 {¶ 12} The officers arrested appellant and charged him with trafficking in cocaine.
 {¶ 13} Appellant argues Detective Mongold was not wearing a recording device on the night of the incident, nor did he actually see appellant with any rock of crack cocaine. The officer did not find any drugs or drug paraphernalia on appellant's person. The officers made no attempt to test the residue on appellant's lips, to pump his stomach, or to draw blood to test for the presence of cocaine.
 {¶ 14} We have reviewed the record, and we find the State's evidence, if believed by the jury, was sufficient to support appellant's conviction for trafficking in cocaine.
 {¶ 15} Questions concerning the weight of the evidence and credibility of the witnesses is the function of the trier of fact, seeState v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 16} We find the jury did not lose its way in creating a manifest miscarriage of justice, and hence appellant's conviction is not against the manifest weight of the evidence.
 {¶ 17} The assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.